# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KENDALL, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br>v.<br><br>ODONATE THERAPEUTICS, INC., KEVIN C. TANG, MICHAEL HEARNE, and JOHN G. LEMKEY,<br><br>                                        Defendants. | Case No.: 3:20-cv-01828-H-LL<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>[Doc. No. 3.] |

On November 16, 2020, Plaintiff Kevin Kendall ("Kendall") filed a motion for appointment as lead plaintiff and approval of his selection of lead counsel. (Doc. No. 3.) On December 10, 2020 Defendants Odonate Therapeutics, Inc., Kevin C. Tang, Michael Hearne, and John G. Lemkey filed a notice of non-opposition to Plaintiff's motion. (Doc. No. 10.) No competing motions have been filed. A hearing on the matter is currently scheduled for December 21, 2020 at 10:30 a.m. The Court, pursuant to its discretion under the Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motions on the parties' papers, and vacates the hearing. For the reasons below, the Court grants Plaintiff Kendall's motion.

**Background**

On September 16, 2020, Plaintiff Kendall, through his counsel Pomerantz LLP and Holzer & Holzer, LLC, filed a securities class action complaint action against Defendant Odonate Therapeutics, Inc. and three of its senior executives (collectively, "Defendants"). (Doc. No. 1, Compl.) The Complaint claims that between December 7, 2017, and August 21, 2020, inclusive (the "Class Period"), Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Specifically, the Complaint alleges that, during the Class Period, Defendants made materially false and/or misleading statements regarding the safety and tolerability of its lead drug candidate, tesetaxel, an orally administered chemotherapy agent. (Doc. No. 1 ¶¶ 2–4.) Tesetaxel was in a Phase 3 clinical study for patients with locally advanced or metastatic breast cancer (the "CONTESSA trial"). (Id. ¶ 3.) Plaintiff Kendall alleges Odonate investors incurred significant losses following a press release regarding the CONTESSA trial that announced tesetaxel was associated with significant treatment-emergent adverse events. (Id. ¶ 7.)

**Discussion**

**I.     Appointment of Lead Plaintiff**

Under the Private Securities Litigation Reform Act ("PSLRA"), no later than 20 days after filing a class action securities complaint, a private plaintiff or plaintiffs must publish a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted, and that any member of the purported class may move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. Id. Here, the notice of the pendency of the action was filed on September 16, 2020. (Doc. No. 3-2, Pafiti Decl., Ex. B.)

Within 90 days after publication of the notice, the Court shall consider any motion made by a class member to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court

shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Id. The presumptively most adequate plaintiff is the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002).

Plaintiff Kendall claims that he has the largest financial interest in the relief sought by the class as he lost approximately $19,561 on his purchases of 1,700 shares of Odonate's stock during the Class Period. (Doc. No. 3-2, Pafiti Decl., Ex. A.) Because no other movant has asserted the largest financial interest in the litigation and no opposition has been filed, the Court has no basis for finding otherwise. Thus, the Court concludes Plaintiff Kendall is the member with the largest financial interest in the relief sought by the class.

The Court also concludes that the typicality and adequacy requirements are met. First, the typicality requirement is satisfied when "the presumptive lead plaintiff's claim arise[s] from the same event or course of conduct giving rise to the claims of other class members and [are] based on the same legal theory." Foster v. Maxwell Techs., Inc., No. 13-CV-00580-BEN-RBB, 2013 WL 5780424, at *5 (S.D. Cal. Oct. 24, 2013) (citation omitted) (internal quotation marks omitted). The claims must be "reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). Similar to all other class members, Plaintiff Kendall alleges he purchased Odonate securities during the Class Period at prices artificially inflated by Defendants' material misrepresentations and/or omissions and as a result, suffered damages. (Doc. No. 3-1 at 8.) As a result, Plaintiff Kendall's claims arise

from the same events and are based on the same legal theory as the claims of the other class members.

Second, representation is "adequate" when the interests of the plaintiffs and their counsel do not conflict with the interests of other class members, and the plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. Hanlon, 150 F.3d at 1020. It appears that Plaintiff Kendall's interests are aligned with those of the other class members, and he is willing and able to serve as Lead Plaintiff. (Doc. No. 3-1 at 4–5, 8–9.) Moreover, he has a substantial financial stake in the litigation providing him with incentive to litigate vigorously to represent the Class's claims and there are no facts of any actual or potential conflict of interest between him and the other class members. Finally, Plaintiff Kendall's retained counsel, Pomerantz LLP and Holzer & Holzer, LLC, as discussed below, are well experienced in the area of complex securities class litigation and are capable of representing the interests of the Class. Therefore, the Court concludes that Plaintiff Kendall is the presumptive Lead Plaintiff under the PSLRA.

The presumption that Plaintiff Kendall is the most adequate Lead Plaintiff may be rebutted only upon proof by a member of the purported plaintiff class that he will not fairly and adequately protect the interests of the class or is subject to unique defenses that render him incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No movant has opposed the motion or come forward with such proof. Accordingly, the Court appoints Plaintiff Kevin Kendall as Lead Plaintiff.

## II. Approval of Selection of Lead Counsel

Under the PSLRA, once the court has designated a lead plaintiff, that plaintiff "shall subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). If the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice. Cohen v. U.S. Dist. Ct., 586 F.3d 703, 712 (9th Cir. 2009). Plaintiff Kendall asks the Court to approve his selection of Pomerantz LLP and Holzer & Holzer, LLC as Co-Lead Counsel. On their firm resumes, Pomerantz LLP and Holzer & Holzer, LLC claim to be highly experienced in the area of

securities litigation and class actions and to have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. (Doc. Nos. 3-7 Pafiti Decl., Ex. E; 3-8 Pafiti Decl., Ex. F.) Both firms have served as lead or co-lead counsel in numerous securities class action litigation and obtained millions of dollars in recovery. (Id.) In light of the firms' substantial experience in securities class action litigation, the Court approves Plaintiff Kendall's choice of counsel and appoints Pomerantz LLP and Holzer & Holzer, LLC as Co-Lead Counsel.

## Conclusion

For the reasons above, the Court **GRANTS** Plaintiff Kendall's motion to be appointed Lead Plaintiff and to approve Lead Counsel, and **ORDERS** the following:

1. Plaintiff Kevin Kendall is appointed to serve as Lead Plaintiff under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned action (the "Action").

2. Plaintiff Kendall's selection of Lead Counsel is approved, and Pomerantz LLP and Holzer & Holzer, LLC are appointed as Co-Lead Counsel for the Class.

3. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

    (a) to coordinate the briefing and argument of motions;
    (b) to coordinate the conduct of discovery proceedings;
    (c) to coordinate the examination of witnesses in depositions;
    (d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;
    (e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;
    (f) to coordinate all settlement negotiations with counsel for defendants;
    (g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

(h)   to supervise any other matters concerning the prosecution, resolution or settlement of the Action.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

5. Counsel in any related action that is consolidated with this Action shall be bound by this organization of plaintiffs' counsel.

6. Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7. Co-Lead Counsel shall be the contact between plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.[1]

**IT IS SO ORDERED.**

DATED: December 14, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] The Court notes that Plaintiff submitted a proposed order to the Court's e-file inbox containing terms regarding service and document preservation that would obligate both Plaintiff and Defendants. However, as the proposed order was not attached to Plaintiff's motion, there is no indication in the record that Defendants consented to those terms. Thus, the Court declines to include the terms in its Order. If the parties seek a court order regarding such terms, they may file a joint motion.