POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Plaintiff*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KENDALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ODONATE THERAPEUTICS, INC., KEVIN C. TANG, MICHAEL HEARNE, and JOHN G. LEMKEY,<br><br>Defendants. | Case No.  3:20-cv-1828-H-LL<br><br>**LEAD PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (DKT. NO. 25-4)**<br><br>Date: August 16, 2021<br>Time: 10:30 a.m.<br>Courtroom: 15A<br>Judge: Hon. Marilyn L. Huff |

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE (DKT. NO. 25-4)

## I.   INTRODUCTION

Lead Plaintiff Kevin Kendall ("Lead Plaintiff") respectfully submits this Partial Opposition to Defendants' Request For Judicial Notice and for Incorporation by Reference in Support of Defendants' Motion to Dismiss Lead Plaintiff's Second Amended Complaint for Violations of the Federal Securities Laws ("SAC") (Dkt. No. 24), dated May 13, 2021 (the "RJN") (Dkt. No. 25-4), filed by Defendants Odonate Therapeutics, Inc., Kevin C. Tang, Michael Hearne, and John G. Lemkey ("Defendants"). Specifically, Lead Plaintiff objects to the RJN with regard to the following exhibits (the "Contested Exhibits") attached to the Declaration of Ryan E. Blair (Dkt. No. 25-2) that Defendants **concede** are not cited or referenced in the SAC, *see* RJN at 2-3 (matching exhibits with SAC paragraph numbers that "quote from, or refer to information contained in, the referenced document[s]" and providing no SAC paragraph numbers for the Contested Exhibits):

- **Exhibit G** – Excerpt from an article by Chi Heem Wong, et. al., *"Estimation of clinical trial success rates and related parameters,"* Biostatistics, Vol. 20, Issue 2, April 2019.

- **Exhibit I** – Excerpt from an analyst report by Jefferies Equity Research, *"Q2 In-Line . . . Scenarios for the Long-Awaited 'Big' Phase III Data This Q . . .,"* July 30, 2020.

- **Exhibit L** – Excerpt of the FDA label for capecitabine, a drug that is not at issue in this action.

- **Exhibit M** – Excerpt of the FDA label for docetaxel, a drug that is not at issue in this action.

- **Exhibit N** – Excerpt from an analyst report by Cowen Equity Research, *"CONTESSA Data Are Supportive of Tesetaxel's Approval and Adoption,"* August 24, 2020.

1

- **Exhibit O** – Excerpt from an analyst report by Jefferies Equity Research, *"Positive Phase III Breast Cancer Data, Key De-risking, and Perhaps Some Debate,"* August 24, 2020.
- **Exhibit Q** – Excerpt from an analyst report by Cowen Equity Research, *"Downgrade: Development of Tesetaxel Discontinued, Moving to Market Perform,"* March 22, 2021.
- **Exhibit R** – Excerpt from an analyst report by Jefferies Equity Research, *"Discontinuation of Lead and Sole Asset – DG to Hold . . . cash ~ $3.50/share,"* March 22, 2021.

Courts often reject requests to judicially notice materials like the Contested Exhibits. *See, e.g.*, *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059–60 (N.D. Cal. 2012) (declining to take judicial notice of analyst reports "not relied upon or referenced in the Amended Complaint"); *Khoja v. Orexigen Therapeutics, Inc.*, No. 15 Civ. 540 (JLS) (JLB), 2019 WL 4599882, at *10–11 (S.D. Cal. Sept. 23, 2019) ("it would be inappropriate to take judicial notice of the facts contained within [a medical-journal article]"); *Ferraro Fam. Found., Inc. v. Corcept Therapeutics Inc.*, 501 F. Supp. 3d 735, 752 (N.D. Cal. 2020) (denying the defendants' request for judicial notice of the FDA labels because they were "not referenced in the [complaint]" and not related "to the facts and claims of this case").

If the Court is inclined to grant Defendants' request for judicial notice, the Court must convert the Defendants' motion to dismiss (the "Motion") (Dkt. No. 25) into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("Rule 12(b)(6) expressly provides that when [] matters outside the pleadings are presented to and not excluded by the court, the motion ***shall* be**

2

treated as one for summary judgment and disposed of as provided in Rule 56") (emphasis in original).

## II.    ARGUMENT

When deciding motions to dismiss under Fed. R. Civ. P. 12(b)(6), courts are typically confined to considering the allegations within the four corners of the complaint.  *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp.2d 1052, 1066 (N.D. Cal. 2010) ("there is a general rule against referencing evidence outside the four corners of the complaint"); *Americopters, LLC v. FAA*, 441 F.3d 726, 732 n.4 (9th Cir. 2006), *aff'd sub nom. Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299 (Fed. Cir. 2008) (for a Rule 12(b)(6) motion, a district court is "confined by the facts contained in the four corners of the complaint").  Confining the judicial analysis to the four corners of the complaint is particularly important in securities cases because the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that "all discovery and other proceedings shall be stayed during a pending motion to dismiss" unless the court finds there are exceptional circumstances such that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." *SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. Of Cal.*, 189 F.3d 909, 911–12 (9th Cir. 1999) (finding the district court erred in "grant[ing] plaintiffs leave to conduct discovery so that they might uncover facts sufficient to satisfy the Act's pleading requirements").  Courts may judicially notice documents attached to the complaint or deemed incorporated by reference because the document at issue "forms the basis of plaintiff's claim" or is "extensively" referred to in the complaint. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  The Contested Exhibits are not referenced in the SAC ***at all*** as Defendants concede (*see* §I, *supra*), nor do they form the basis of the Lead Plaintiff's claims, and the Court has not as yet lifted the PSLRA discovery stay (though, if Defendants wish to

3

consent to a lifting of the stay, Lead Plaintiff will promptly file a motion seeking that relief).

Courts routinely reject requests to judicially notice the kinds of articles, analyst reports, and FDA labels of which Defendants seek judicial notice. This Court should deny Defendants' request to judicially notice **Exhibit G**, an article that was never referenced or relied upon in the SAC and that Defendants impermissibly use to assert the percentage of drugs that *generally* proceed to FDA approval based on the authors' "estimation" of sample data they reviewed (*see* Memo at 4),[1] which the authors note have been subject to selection biases. This is fundamentally irrelevant to Lead Plaintiff's claims regarding, *inter alia*, Defendants' misrepresentations and omissions about the progress of FDA approval for tesetaxel; the elevated incidence of adverse events in tesetaxel's CONTESSA trial; the undisclosed high rates of discontinuations in the CONTESSA trial by patients, doctors, and trial sites; and Defendants' undisclosed "emergency" program to train sites and alter the CONTESSA protocol in an effort to stem the discontinuations. *See Patel v. Seattle Genetics, Inc.*, No. 17 Civ. 41 (RSM), 2017 WL 4681380, at *3 (W.D. Wash. Oct. 18, 2017) (denying request to take judicial notice of a medical journal article not referenced in the complaint as "[c]onsideration of this kind of factual evidence…is inappropriate and unnecessary at the Rule 12(b)(6) stage"); *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009) (denying request to judicially notice article that expresses the "opinions of the author that may be reasonably be questioned"); *Khoja*, 2019 WL 4599882, at *10; *see also Lee*, 250 F.3d at 688 (reversing dismissal of plaintiffs' claims on the independent grounds that the district "court assumed the

---

[1] Defendants' Memorandum of Law in support of their Motion (Dkt. No. 25-1) is herein referred to as the "Memo."

4

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (DKT. NO. 25-4)

existence of facts that favor defendants based on evidence outside plaintiffs' pleadings [and] took judicial notice of the truth of disputed factual matters").[2]

This Court should also reject Defendants' request to judicially notice **Exhibits I, N, O, Q, and R**, which are analyst reports that were never referenced or relied upon in the SAC and that Defendants impermissibly seek to introduce for the truth of the contents therein (*see, e.g.*, Memo at 7 n.2). *Iron Workers Loc. 580 Joint Funds v. Nvidia Corp.*, No. 18 Civ. 7669 (HSG), 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (rejecting request for judicial notice of an analyst report even though it was "cited extensively in the [complaint]" because "it 'did not necessarily form the basis of the complaint'" and defendants "offer[ed] it to contradict Plaintiffs' allegations"); *City of Royal Oak Ret. Sys.*, 880 F. Supp. 2d at 1059–60 (rejecting request to judicially notice analyst reports that "were not relied upon or referenced in the Amended Complaint").[3]   Such citation is particularly

---

[2]   Defendants cite no authority (*see* RJN at 4–6) supporting their request to judicially notice disputed facts and opinions contained in medical or scientific journals for the truth of the matter asserted therein.  In fact, the Defendants' cited cases state that judicial notice can be taken only of the fact of the materials' existence. *See, e.g.*, *Welgus v. TriNet Grp., Inc.*, No. 15 Civ. 3625 (BLF), 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017), *aff'd*, 765 F. App'x 239 (9th Cir. 2019) (taking judicial notice only of the fact of the documents' existence); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 980 (N.D. Cal. 2010) (judicially noticing the exhibits "not for the truth of the matter asserted, but to show disclosure of information"); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (taking judicial notice that the market was aware of the content of news articles). *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998), is distinguishable because it involved the defendants' SEC filings and the plaintiffs stated that their allegations were based on a review of these filings.

[3]   Defendants' cited authority (*see* RJN at 5) is in accord. *See In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023–24 (C.D. Cal. 2008) (analyst reports may not be considered for the "truth of the matters asserted in the reports").

5

unfair in a securities class action governed by the PSLRA, since Lead Plaintiff is precluded by a statutory stay from taking any discovery of the analysts.

This Court should also reject Defendants' request to judicially notice **Exhibits L and M**, FDA labels for ***drugs other than tesetaxel***, which is the drug at issue in the SAC, that were never referenced or relied upon in the SAC and that clearly do not form the basis of Lead Plaintiff's claims. *Ferraro Fam. Found., Inc. v. Corcept Therapeutics Inc.*, 501 F. Supp. 3d 735, 752 (N.D. Cal. 2020) (denying request for judicial notice of FDA labels that were "not referenced in the SAC" and "unrelated to the facts and claims of this case").[4]  Moreover, these FDA labels are impermissibly introduced for the truth of their contents.  *See* Memo at 7.

If the Court is inclined to grant Defendants' request for judicial notice, and Lead Plaintiff respectfully submits that it should not do so, then the Court must convert Defendants' Motion into a motion for summary judgment in accordance with Fed. R. Civ. P. 56.  *Lee*, 250 F.3d at 688; *see Wong v. Flynn-Kerper*, No. 19-56289, 2021 WL 2307485, at *5 (9th Cir. June 7, 2021) ("When 'matters outside the pleadings are presented to and not excluded by the court' on a Rule 12(b)(6) motion, 'the motion must be treated as one for summary judgment under Rule 56.' Fed. R. Civ. P. 12(d)."); *see also Garot v. Cnty. of San Diego*, No. 19 Civ. 1650 (H) (AGS), 2019 WL 5963641, at *6 (S.D. Cal. Nov. 13, 2019) (J. Huff) ("Defendant's arguments are better suited to a motion for summary judgment when the Court may consider evidence outside of the pleadings" otherwise "[i]n reviewing a Rule

---

[4]  Defendants' cited authorities are distinguishable as they involve FDA labels of the drugs ***at issue*** in the cases.  *See* RJN at 5 (citing *In re Amgen*, 544 F. Supp. 2d at 1023; *Mills v. Bristol-Myers Squibb Co.*, No. 11 Civ. 0968 (PHX) (FJM), 2011 WL 4708850, at *2 (D. Ariz. Oct. 7, 2011); *In re Epogen & Aranesp Off-Label Mktg. & Sales Pracs. Litig.*, 590 F. Supp. 2d 1282, 1286 (C.D. Cal. 2008)).

6

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (DKT. NO. 25-4)

12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant").

## III.   CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully urges the Court to deny Defendants' request for judicial notice of the Contested Exhibits or, in the alternative, convert Defendants' motion to dismiss into a motion for summary judgment and, thereafter, permit Lead Plaintiff to take discovery or deny that motion.

Dated:  June 25, 2021

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Matthew L. Tuccillo*

Matthew L. Tuccillo (admitted *pro hac vice*) (NY Bar # 5008750)
Jennifer Banner Sobers (admitted *pro hac vice*) (NY Bar # 4411922)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:   (917) 463-1044
Email: mltuccillo@pomlaw.com
        jbsobers@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer (admitted *pro hac vice*)
211 Perimeter Center Parkway

7

Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
cholzer@holzerlaw.com

*Attorneys for Lead Plaintiff*

8