COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
RYAN E. BLAIR (246724)
(rblair@cooley.com)
STEPHEN RICHARDS (308868)
(srichards@cooley.com)
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:   +1 858 550 6000
Facsimile:   +1 858 550-6420

Attorneys for Defendants
Odonate Therapeutics, Inc., Kevin C. Tang,
Michael Hearne, and John G. Lemkey

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KENDALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ODONATE THERAPEUTICS, INC., KEVIN C. TANG, MICHAEL HEARNE, and JOHN G. LEMKEY,<br><br>Defendants. | Case No. 3:20-cv-01828-H-LL<br><br>CLASS ACTION<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date: August 16, 2021<br>Time: 10:30 a.m.<br>Courtroom: 15A<br>Judge: Hon. Marilyn L. Huff<br><br>**Oral Argument Requested** |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Odonate Therapeutics, Inc. ("Odonate" or the "Company"), Kevin C. Tang, Michael Hearne, and John G. Lemkey (collectively, "Defendants"), hereby make this supplemental request that the Court incorporate by reference the document listed below, submitted with Defendants' Reply in Support of their Motion to Dismiss Plaintiffs' Second Amended Complaint for Violations of the Federal Securities Laws (the "Motion to Dismiss") and attached to the accompanying Supplemental Declaration of Ryan E. Blair in support thereof ("Supplemental Blair Declaration").[1]

**Documents Subject to This Supplemental Request**[2]

| Ex. | Description | ¶¶ |
|---|---|---|
| **W** | Transcript of Odonate's investor and analyst call, which occurred on December 11, 2020 | 129(a); 180 |

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* (emphasis

---

[1] "¶¶" refers to the paragraphs of the Second Amended Complaint for Violations of the Federal Securities Laws (Dkt. 24 ("SAC")) that quote from, or refer to information contained in, the referenced document.

[2] A true and correct highlighted copy of Exhibit W is attached to the accompanying Supplemental Blair Declaration.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

added) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

**Exhibit W** is a transcript of an investor and analyst call Odonate held on December 11, 2020. Here, Plaintiffs explicitly referred to **Exhibit W** in several places within the SAC (¶¶ 129(a), 180), and then in their Opposition to Defendants' Motion to Dismiss. (Dkt. 30 ("Opp.") at 8, 21.) It is therefore appropriate that the Court consider **Exhibit W** in its entirety when ruling on the Motion to Dismiss because it "must be analyzed in context," *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996) (citation omitted), to ensure that Plaintiffs are not able to "select[] only portions of [the] document[] that support their claims, while omitting portions of [that] very document[] that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. As set forth in Defendants' Reply in Support of their Motion to Dismiss, Plaintiff quotes selectively from **Exhibit W** to give the impression that the document says Defendants met with the FDA in December 2020 to discuss the CONTESSA trial. (¶ 129(a), 180; Opp. at 8, 21.) In fact, no such meeting occurred, and **Exhibit W** does not say that any such meeting occurred. The Court should incorporate **Exhibit W** by reference to ensure that Plaintiff's allegations are properly analyzed in context.

The Court may also take judicial notice of **Exhibit W** because it is a conference call transcript demonstrating what information was in the public realm and when. (Dkt. 25-4 at 4-5.) *See, e.g.*, *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979 80 (N.D. Cal. 2010).

Cooley LLP
Attorneys at Law
San Diego

2

Supp. Req. for Jud. Notice and for Incorp. by Ref. ISO MTD SAC
Case No. 3:20-cv-01828-H-LL

Dated:      July 26, 2021          COOLEY LLP


By: */s/ Ryan E. Blair*
       Ryan E. Blair

Attorneys for Defendants
Odonate Therapeutics, Inc., Kevin C.
Tang, Michael Hearne, and John G.
Lemkey

3