COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
RYAN E. BLAIR (246724)
(rblair@cooley.com)
STEPHEN RICHARDS (308868)
(srichards@cooley.com)
4401 Eastgate Mall
San Diego, California 92121-1909
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550-6420

Attorneys for Defendants
Odonate Therapeutics, Inc., Kevin C. Tang,
Michael Hearne, and John G. Lemkey

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KENDALL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ODONATE THERAPEUTICS, INC., KEVIN C. TANG, MICHAEL HEARNE, and JOHN G. LEMKEY,<br><br>Defendants. | Case No. 3:20-cv-01828-H-LL<br><br>CLASS ACTION<br><br>**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**Demand for Jury Trial** |

Defendant Odonate Therapeutics, Inc. ("Odonate") and individual defendants Kevin C. Tang, Michael Hearne, and John G. Lemkey (the "Individual Defendants" and collectively with Odonate, "Defendants"), by and through their counsel, hereby answer Lead Plaintiff Kevin Kendall's ("Plaintiff") Second Amended Complaint for Violation of the Federal Securities Laws ("SAC").

To the extent that the paragraphs in the SAC are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein.  To the extent that a response is deemed necessary, Defendants deny any and all allegations in each and every heading and subheading in the SAC.

Except as explicitly admitted herein, Defendants deny each and every allegation in the SAC, including, without limitation, any and all allegations in the unnumbered paragraphs on page 1 of the SAC, headings, subheadings, footnotes, and the prayer for relief.  Defendants further answer the numbered paragraphs in the SAC as follows.

## **ANSWER**

1.      In response to paragraph 1 of the SAC, Defendants admit that Plaintiff purports to bring this action as a class action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder.  Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3).  The allegation that Defendants committed violations of the federal securities laws is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 1.

2.      In response to paragraph 2 of the SAC, Defendants admit that Odonate is a pharmaceutical company based in San Diego and founded in 2013.  Defendants

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1

further admit that tesetaxel was Odonate's primary drug candidate and that tesetaxel is an orally administered chemotherapy agent that is within a class of cancer treating drugs known as taxanes. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 2.

3. In response to paragraph 3 of the SAC, Defendants admit that Tang Capital Management held 12,202,338 shares of Odonate stock after Odonate's December 7, 2017, initial public offering. The remainder of the allegations in paragraph 3 are ambiguous as to time frame and Defendants deny the allegations on that basis. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 3.

4. In response to paragraph 4 of the SAC, Defendants admit that tesetaxel's Phase 3 clinical trial, called CONTESSA, required substantial funding. The second sentence of paragraph 4 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 4.

5. In response to paragraph 5 of the SAC, Defendants admit that Odonate reported certain data from the CONTESSA trial, and refer to the documents in which Odonate reported that data. To the extent the allegations of paragraph 5 differ in any way from the contents of those documents, Defendants deny every such allegation. Defendants admit that Odonate took steps to prevent and mitigate AEs, and that the Company held periodic meetings to discuss CONTESSA. Defendants further admit that CONTESSA's independent clinical trial safety board reviewed AE data. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 5.

6. The first sentence of paragraph 6 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein. To the extent that the allegations

of paragraph 6 purport to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 6 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 6.

7. Paragraph 7 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

8. In response to paragraph 8 of the SAC, Defendants admit that on August 24, 2020, Odonate issued a press release announcing top-line results from the CONTESSA trial. To the extent the allegations of paragraph 8 purport to summarize that press release or any other document, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 8 differ in any way from the contents of those documents, Defendants deny every such allegation. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 8.

9. In response to paragraph 9 of the SAC, Defendants admit that Odonate's stock fell to close at $18.33 per share on August 24, 2020. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 9.

10. The first and second sentences of paragraph 10 are Plaintiff's legal argument and do not require a response; to the extent a response is required, Defendants deny each and every allegation therein. To the extent that the allegations of paragraph 10 purport to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 10 differ in any way from the contents of those filings, Defendants deny every such allegation.

11. To the extent that paragraph 11 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those

documents or filings.  To the extent that the allegations in paragraph 11 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.  Defendants further admit that Odonate's stock price closed at $3.09 per share on March 26, 2021.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 11.

12.    .Paragraph 12 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

13.    In response to paragraph 13 of the SAC, Defendants admit that Lead Plaintiff purports to bring this action as a class action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 13.

14.    Defendants admit the allegations in paragraph 14 of the SAC.

15.    In response to paragraph 15 of the SAC, Defendants admit that venue is proper in this Judicial District pursuant to §27 of the Exchange Act and 28 U.S.C. §1391(b), that Odonate maintains offices in this Judicial District, and that Defendants conduct business in this Judicial District.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 15.

16.    Paragraph 16 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

17.    Paragraph 17 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

18.    Defendants admit that Odonate is a Delaware corporation with offices in San Diego, California.  Defendants admit that Odonate common stock trades on

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4

the NASDAQ under the symbol "ODT."  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 18.

19.    Defendants admit the allegations in paragraph 19 of the SAC.

20.    Defendants admit the allegations in paragraph 20 of the SAC.

21.    Defendants admit the allegations in paragraph 21 of the SAC.

22.    Paragraph 22 does not contain an allegation of fact and therefore requires no response.  To the extent a response is required, Defendants deny the allegations therein.

23.    Paragraph 23 does not contain an allegation of fact and therefore requires no response.  To the extent a response is required, Defendants deny the allegations therein.

24.    In response to paragraph 24, Defendants admit that the SAC purports to contain descriptions of purported Confidential Witnesses whose alleged statements are among the purported bases for the SAC.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 24.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 25 of the SAC.

26.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 26 of the SAC.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 27 of the SAC.

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 28 of the SAC.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

29.   Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 29 of the SAC.

30.   Defendants deny the allegations in paragraph 30 of the SAC.

31.   In response to paragraph 31 of the SAC, Defendants admit that TCM has holdings in Heron Therapeutics, Inc. (NASDAQ: HRTX) ("Heron") and is the largest shareholder in La Jolla Pharmaceutical Company (NASDAQ: LJPC) ("La Jolla") and Odonate.   Defendants further admit that Defendant Tang serves as Chairman of La Jolla, and as Chairman and CEO of Odonate.   Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 31.

32.   Defendants admit that TCM held approximately 10.9 million shares of Odonate stock before Odonate's IPO.   Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 32.

33.   Defendants admit the allegations in paragraph 33 of the SAC.

34.   Defendants admit the allegations in the first two sentences of paragraph 34 of the SAC.  To the extent that paragraph 34 purports to summarize or characterize documents, Defendants refer to the contents of those documents.  To the extent that the allegations in paragraph 34 differ in any way from the contents of those documents, Defendants deny every such allegation.   Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 34.

35.   In response to paragraph 35 of the SAC, Defendants admit that Phase 1 and Phase 2 clinical trials of tesetaxel were conducted in patients with metastatic breast cancer ("MBC").   Defendant further admits that it accessed the public equity markets in order to, in large part, fund its studies of tesetaxel.   Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 35.

36.   Defendants admit the allegations in the first sentence of paragraph 36 of the SAC.  Defendants admit that Odonate conducted studies in breast cancer.  Except

as expressly admitted herein, Defendants deny each and every allegation in paragraph 36.

37.     Defendants admit the allegations in paragraph 37 of the SAC.

38.     Defendants admit that Odonate accessed the public equities markets to raise money.   To the extent that the paragraph 38 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 38 differ in any way from the contents of those filings, Defendants deny every such allegation.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 38.

39.     In response to paragraph 39 of the SAC, Defendants admit that Odonate raised over $300 million from public investors (including from Defendants themselves) to fund tesetaxel's clinical trials.  The second and third sentences of paragraph 39 are Plaintiff's legal argument and do not require a response; to the extent a response is required, Defendants deny each and every allegation therein. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 39.

40.     Defendants deny each and every allegation in paragraph 40.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 41 of the SAC.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 42 of the SAC.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 43 of the SAC.

/ / /

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 44 of the SAC.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 45 of the SAC.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 46 of the SAC.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 47 of the SAC.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 48 of the SAC.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 49 of the SAC.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 50 of the SAC.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 51 of the SAC.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 52 of the SAC.

/ / /

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 53 of the SAC.

54.     The first two sentences of paragraph 54 of the SAC assert legal conclusions and do not require a response; to the extent a response is required, Defendants deny the allegations therein.  Defendants deny the remainder of the allegations in paragraph 54.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 55 of the SAC.

56.     Paragraph 56 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny each and every allegation therein.

57.     The first sentence of paragraph 57 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.  To the extent that paragraph 57 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 57 differ in any way from the contents of those filings, Defendants deny every such allegation.

58.     To the extent that paragraph 58 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 58 differ in any way from the contents of those filings, Defendants deny every such allegation.

59.     To the extent that paragraph 59 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 59 differ in any way from the contents of those filings, Defendants deny every such allegation.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

60.     Paragraph 60 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

61.     To the extent that paragraph 61 purports to summarize or characterize documents, Defendants refer to the contents of those document.  To the extent that the allegations in paragraph 61 differ in any way from the contents of the documents, Defendants deny every such allegation.

62.     Paragraph 62 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

63.     To the extent that paragraph 63 purports to summarize or characterize documents, Defendants refer to the contents of those documents.  To the extent that the allegations in paragraph 63 differ in any way from the contents of those documents, Defendants deny every such allegation.

64.     To the extent that paragraph 64 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 64 differ in any way from the contents of those filings, Defendants deny every such allegation.

65.     To the extent that paragraph 65 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 65 differ in any way from the contents of those filings, Defendants deny every such allegation.

66.     To the extent that paragraph 66 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 66 differ in any way from the contents of those filings, Defendants deny every such allegation.

67.     To the extent that paragraph 67 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent

that the allegations in paragraph 67 differ in any way from the contents of those filings, Defendants deny every such allegation.

68.    To the extent that paragraph 68 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 68 differ in any way from the contents of those filings, Defendants deny every such allegation.

69.    To the extent that paragraph 69 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 69 differ in any way from the contents of those filings, Defendants deny every such allegation.

70.    Paragraph 70 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

71.    To the extent that paragraph 71 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings.  To the extent that the allegations in paragraph 71 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

72.    Paragraph 72 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

73.    To the extent that paragraph 73 purports to summarize or characterize documents, Defendants refer to the contents of those documents.  To the extent that the allegations in paragraph 73 differ in any way from the contents of those documents, Defendants deny every such allegation.

74.    Paragraph 74 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

75.    To the extent that paragraph 75 purports to summarize or characterize documents, Defendants refer to the contents of those documents.  To the extent that the allegations in paragraph 75 differ in any way from the contents of those documents, Defendants deny every such allegation.

76.    Paragraph 76 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

77.    To the extent that paragraph 77 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings.  To the extent that the allegations in paragraph 77 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

78.    Paragraph 78 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

79.    To the extent that paragraph 79 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings.  To the extent that the allegations in paragraph 79 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

80.    Paragraph 80 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

81.    To the extent that paragraph 81 purports to summarize or characterize documents, Defendants refer to the contents of those documents.  To the extent that the allegations in paragraph 81 differ in any way from the contents of those documents, Defendants deny every such allegation.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

12

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

82.     To the extent that paragraph 82 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 82 differ in any way from the contents of those filings, Defendants deny every such allegation.

83.     To the extent that paragraph 83 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 83 differ in any way from the contents of those filings, Defendants deny every such allegation.

84.     To the extent that paragraph 84 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 84 differ in any way from the contents of those filings, Defendants deny every such allegation.

85.     To the extent that paragraph 85 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 85 differ in any way from the contents of those filings, Defendants deny every such allegation.

86.     Paragraph 86 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

87.     To the extent that paragraph 87 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 87 differ in any way from the contents of those filings, Defendants deny every such allegation.

88.     Paragraph 88 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

89.     To the extent that paragraph 89 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that

the allegations in paragraph 89 differ in any way from the contents of those documents, Defendants deny every such allegation.

90. Paragraph 90 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

91. To the extent that paragraph 91 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 91 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

92. Paragraph 92 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

93. To the extent that paragraph 93 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 93 differ in any way from the contents of those documents, Defendants deny every such allegation.

94. Paragraph 94 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

95. To the extent that paragraph 95 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 95 differ in any way from the contents of those documents, Defendants deny every such allegation.

96. Paragraph 96 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

/ / /

97.     To the extent that paragraph 97 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings.  To the extent that the allegations in paragraph 97 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

98.     Paragraph 98 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

99.     To the extent that paragraph 99 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings.  To the extent that the allegations in paragraph 99 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

100.    Paragraph 100 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

101.    To the extent that paragraph 101 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 101 differ in any way from the contents of those filings, Defendants deny every such allegation.

102.    Paragraph 102 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

103.    To the extent that paragraph 103 purports to summarize or characterize documents, Defendants refer to the contents of those documents.  To the extent that the allegations in paragraph 103 differ in any way from the contents of those documents, Defendants deny every such allegation.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

15

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

104.   Paragraph 104 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

105.   To the extent that paragraph 105 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings.  To the extent that the allegations in paragraph 105 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

106.   Paragraph 106 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

107.   To the extent that paragraph 107 purports to summarize or characterize documents, Defendants refer to the contents of those documents.  To the extent that the allegations in paragraph 107 differ in any way from the contents of those documents, Defendants deny every such allegation.

108.   To the extent that paragraph 108 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 108 differ in any way from the contents of those filings, Defendants deny every such allegation.

109.   To the extent that paragraph 109 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 109 differ in any way from the contents of those filings, Defendants deny every such allegation.

110.   To the extent that paragraph 110 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 110 differ in any way from the contents of those filings, Defendants deny every such allegation.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

16

111.   To the extent that paragraph 111 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 111 differ in any way from the contents of those filings, Defendants deny every such allegation.

112.   To the extent that paragraph 112 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings.  To the extent that the allegations in paragraph 112 differ in any way from the contents of those filings, Defendants deny every such allegation.

113.   Paragraph 113 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

114.   To the extent that paragraph 114 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings.  To the extent that the allegations in paragraph 114 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

115.   Paragraph 115 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

116.   To the extent that paragraph 116 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings.  To the extent that the allegations in paragraph 116 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

117.   Paragraph 117 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

17

118. To the extent that paragraph 118 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 118 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

119. Paragraph 119 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

120. To the extent that paragraph 120 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 120 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

121. Paragraph 121 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

122. To the extent that paragraph 122 purports to summarize or characterize securities filings, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 122 differ in any way from the contents of those filings, Defendants deny every such allegation.

123. Paragraph 123 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

124. To the extent that paragraph 124 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 124 differ in any way from the contents of those documents, Defendants deny every such allegation.

/ / /

125. Paragraph 125 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

126. To the extent that paragraph 126 purports to summarize or characterize a document, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 126 differ in any way from the contents of those documents, Defendants deny every such allegation.

127. Paragraph 127 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein. To the extent that paragraph 127 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 127 differ in any way from the contents of those documents, Defendants deny every such allegation.

128. Paragraph 128 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

129. To the extent that paragraph 129 purports to summarize or characterize a transcript, Defendants refer to the contents of that transcript. To the extent that the allegations in paragraph 129 differ in any way from the contents of that transcript, Defendants deny every such allegation. Defendants lack knowledge as to whether the transcript is accurate.

130. Paragraph 130 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

131. The first sentence of paragraph 131 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein. To the extent that paragraph 131 purports to summarize or characterize documents, Defendants refer to the contents of those

documents. To the extent that the allegations in paragraph 131 differ in any way from the contents of those documents, Defendants deny every such allegation.

132. To the extent that paragraph 132 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 132 differ in any way from the contents of those documents, Defendants deny every such allegation.

133. To the extent that paragraph 133 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 133 differ in any way from the contents of those filings, Defendants deny every such allegation.

134. To the extent that paragraph 134 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 134 differ in any way from the contents of those filings, Defendants deny every such allegation.

135. To the extent that paragraph 135 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 135 differ in any way from the contents of those filings, Defendants deny every such allegation.

136. Paragraph 136 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

137. To the extent that paragraph 137 purports to summarize or characterize filings with the SEC, Defendants refer to the contents of those filings. To the extent that the allegations in paragraph 137 differ in any way from the contents of those filings, Defendants deny every such allegation.

138. Paragraph 138 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

139.   Paragraph 139 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

140.   To the extent that paragraph 140 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 140 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

141.   To the extent that paragraph 141 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 141 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

142.   To the extent that paragraph 142 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 142 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

143.   To the extent that paragraph 143 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 143 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

144.   To the extent that paragraph 144 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 144 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

145.    To the extent that paragraph 145 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 145 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

146.    To the extent that paragraph 146 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 146 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

147.    To the extent that paragraph 147 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 147 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

148.    To the extent that paragraph 148 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 148 differ in any way from the contents of those filings, Defendants deny every such allegation.

149.    To the extent that paragraph 149 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 149 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

150.    To the extent that paragraph 150 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 150 differ in

anyway from the contents of those documents or filings, Defendants deny every such allegation.

151. To the extent that paragraph 151 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 151 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

152. To the extent that paragraph 152 purports to summarize or characterize documents or filings with the SEC, Defendants refer to the contents of those documents or filings. To the extent that the allegations in paragraph 152 differ in any way from the contents of those documents or filings, Defendants deny every such allegation.

153. Paragraph 153 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

154. Paragraph 154 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

155. To the extent that paragraph 155 purports to summarize or characterize filings with the SEC, Defendants refer the Court to the contents of those filings. To the extent that the allegations in paragraph 155 differ in any way from the contents of those filings, Defendants deny every such allegation.

156. To the extent that paragraph 156 purports to summarize or characterize filings with the SEC, Defendants refer the Court to the contents of those filings. To the extent that the allegations in paragraph 156 differ in any way from the contents of those filings, Defendants deny every such allegation.

157. To the extent that the paragraph 157 purports to summarize or characterize filings with the SEC, Defendants refer the Court to the contents of those

filings.  To the extent that the allegations in paragraph 157 differ in any way from the contents of those filings, Defendants deny every such allegation.

158.   To the extent that paragraph 158 purports to summarize or characterize filings with the SEC, Defendants refer the Court to the contents of those filings.  To the extent that the allegations in paragraph 158 differ in any way from the contents of those filings, Defendants deny every such allegation.

159.   To the extent that the paragraph 159 purports to summarize or characterize filings with the SEC, Defendants refer the Court to the contents of those filings.  To the extent that the allegations in paragraph 159 differ in any way from the contents of those filings, Defendants deny every such allegation.

160.   To the extent that paragraph 160 purports to summarize or characterize filings with the SEC, Defendants refer the Court to the contents of those filings.  To the extent that the allegations in paragraph 160 differ in any way from the contents of those filings, Defendants deny every such allegation.

161.   To the extent that paragraph 161 purports to summarize or characterize filings with the SEC, Defendants refer the Court to the contents of those filings.  To the extent that the allegations in paragraph 161 differ in any way from the contents of those filings, Defendants deny every such allegation.

162.   Paragraph 162 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

163.   Defendants deny the allegations in paragraph 163.

164.   To the extent that paragraph 164 purports to summarize or characterize documents, Defendants refer the Court to the contents of those documents.  To the extent that the allegations in paragraph 164 differ in any way from the contents of those documents, Defendants deny every such allegation.

165.   Defendants deny the first sentence of paragraph 165 of the SAC. To the extent that paragraph 165 purports to summarize or characterize documents,

Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 165 differ in any way from the contents of those documents, Defendants deny every such allegation.

166. Defendants deny the allegations in paragraph 166 of the SAC.

167. Paragraph 167 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

168. To the extent that paragraph 168 purports to summarize or characterize the contents of documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 168 differ in any way from the contents of those documents, Defendants deny every such allegation.

169. Defendants deny the allegations in paragraph 169 of the SAC.

170. To the extent that paragraph 170 purports to summarize or characterize filings with the SEC, Defendants refer the Court to the contents of those filings. To the extent that the allegations in paragraph 170 differ in any way from the contents of those filings, Defendants deny every such allegation.

171. Defendants deny the allegations in paragraph 171 of the SAC.

172. Paragraph 172 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

173. Paragraph 173 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

174. Defendants deny the allegations in paragraph 174.

175. Defendants deny the allegations in paragraph 175 of the SAC.

176. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 176 of the SAC.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

25

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

177.   Defendants deny the allegations in paragraph 177 of the SAC

178.   Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 178 of the SAC.

179.   Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 179 of the SAC.

180.   Defendants deny the allegations in the first sentence of paragraph 180 of the SAC.  To the extent that the allegations of paragraph 180 purport to summarize or characterize documents, Defendants refer to the contents of those documents.  To the extent that the allegations in paragraph 180 differ in any way from the contents of those documents, Defendants deny every such allegation.  Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in the second sentence of paragraph 180.

181.   Paragraph 181 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

182.   Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 182 of the SAC.

183.   Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore deny the allegations in paragraph 183 of the SAC.

184.   Paragraph 184 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

/ / /

185. Defendants admit that Tang Capital Management held 10,910,672 shares in Odonate as of September 1, 2017, and that this increased to 12,202,338 on December 7, 2017, after Odonate's initial public offering. The remainder of the allegations in paragraph 185 are ambiguous as to time frame and Defendants deny the allegations on that basis.

186. Defendants admit that Odonate accessed the public equities markets. Defendants otherwise deny the allegations in paragraph 186 of the SAC.

187. Defendants admit that the Individual Defendants each held direct or indirect ownership stakes in Odonate. The remainder of the allegations in paragraph 187 are ambiguous and are denied on that basis.

188. Defendants admit that Odonate conducted equity offerings. Defendants otherwise deny the allegations in paragraph 188.

189. Paragraph 189 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

190. Paragraph 190 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

191. Defendants admit that tesetaxel was Odonate's sole product candidate. Defendants otherwise deny the allegations in paragraph 191 of the SAC. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and on that further basis deny the allegations in the third and fourth sentences of paragraph 191 of the SAC.

192. Paragraph 192 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

/ / /

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

27

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

193. Paragraph 193 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

194. Paragraph 194 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

195. Defendants deny the allegations in paragraph 195. Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations concerning Plaintiff's confidential witnesses, and therefore further deny the allegations in paragraph 195 of the SAC on that basis.

196. To the extent that paragraph 196 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 196 differ in any way from the contents of those documents, Defendants deny every such allegation.

197. To the extent that paragraph 197 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 197 differ in any way from the contents of those documents, Defendants deny every such allegation.

198. To the extent that paragraph 198 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 198 differ in any way from the contents of those documents, Defendants deny every such allegation.

199. To the extent that paragraph 199 purports to summarize or characterize documents, Defendants refer to the contents of those documents. To the extent that the allegations in paragraph 199 differ in any way from the contents of those documents, Defendants deny every such allegation.

/ / /

/ / /

200. Paragraph 200 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

201. Paragraph 201 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

202. Paragraph 202 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

203. Paragraph 203 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

204. Paragraph 204 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

205. Paragraph 205 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

206. Paragraph 206 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

207. Paragraph 207 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

208. Paragraph 208 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

209. Paragraph 209 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

210. Paragraph 210 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

211. Defendants deny the first sentence of paragraph 211 of the SAC. The second sentence of paragraph 211 is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

212. Paragraph 212 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

213. Paragraph 213 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

214. In response to paragraph 214 of the SAC, Defendants admit that Odonate (1) was listed and actively traded on the NASDAQ under the ticker symbol "ODT", (2) filed periodic public reports with the SEC, (3) has communicated with public investors, and (4) was followed by multiple analysts. The remainder of paragraph 214 is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 214.

215. Paragraph 215 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

216.   Paragraph 216 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

217.   In response to paragraph 217 of the SAC, Defendants admit that Lead Plaintiff purports to bring this federal securities action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).  Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3).  The remainder of paragraph 217 sets forth Plaintiffs' proposed class definition and does not require a response; to the extent that a response is required, Defendants deny the allegations therein.  Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 217.

218.   Paragraph 218 of the SAC sets forth Plaintiffs' proposed class definition and does not require a response; to the extent that a response is required, Defendants deny the allegations therein.

219.   Paragraph 219 of the SAC sets forth Plaintiffs' proposed class definition and does not require a response; to the extent that a response is required, Defendants deny the allegations therein.

220.   Paragraph 220 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

221.   Paragraph 221 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

222.   Paragraph 222 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

/ / /

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

31

223. Paragraph 223 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

224. Paragraph 224 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

225. Paragraph 225 of the SAC does not contain factual allegations and therefore requires no response; to the extent a response is required, Defendants deny the allegations therein.

226. In response to paragraph 226, Defendants admit that Plaintiff purports to assert this Count against Defendants based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 226.

227. Paragraph 227 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

228. Paragraph 228 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

229. Paragraph 229 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

230. Paragraph 230 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

///

///

231. Paragraph 231 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

232. Paragraph 232 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

233. Paragraph 233 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

234. Paragraph 234 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

235. Paragraph 235 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

236. Paragraph 236 of the SAC does not contain factual allegations and therefore requires no response; to the extent a response is required, Defendants deny the allegations therein.

237. In response to paragraph 237 of the SAC, the Individual Defendants admit that they participated in operation and management of Odonate, and conducted and participated, directly and indirectly, in the conduct of Odonate's business affairs. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 237.

238. Paragraph 238 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

239.   Paragraph 239 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

240.   Paragraph 240 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

241.   Paragraph 241 of the SAC is Plaintiff's legal argument and does not require a response; to the extent a response is required, Defendants deny the allegations therein.

## PRAYER FOR RELIEF

The paragraph in this section entitled "Prayer for Relief" is Plaintiff's statement of requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiff is entitled to judgment and that Plaintiff is entitled to any relief whatsoever.

## JURY DEMAND

The paragraph in this section entitled "Jury Demand" is Plaintiff's demand for a jury trial, to which no response is required.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Cooley LLP
Attorneys at Law
San Diego

34

Answer to SAC
Case No. 3:20-cv-01828-H-LL

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (FAILURE TO STATE A CAUSE OF ACTION)

1. The SAC, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which the requested relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (JUSTIFICATION)

2. The SAC, and each and every cause of action alleged therein, is barred because Defendants were justified in doing any and/or all of the acts alleged in the SAC.

### THIRD AFFIRMATIVE DEFENSE

#### (CONDUCT OF THIRD PARTIES)

3. If it should be determined that Plaintiff has been damaged, then Defendants are informed and believe and based thereon alleges that said damage was proximately caused by the conduct of others for which Defendants were not and are not responsible.

### FOURTH AFFIRMATIVE DEFENSE

#### (GOOD FAITH PROJECTIONS)

4. The SAC, and each and every cause of action alleged therein, is barred to the extent Plaintiff's allegations are based on alleged projections, forecasts or predictions of future events or results, such projections, forecasts or predictions were not false when made, were made in good faith, and had a reasonable basis when made.

///

///

///

///

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

35

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

## FIFTH AFFIRMATIVE DEFENSE

### (GOOD FAITH BASIS)

5.    The SAC, and each and every cause of action alleged therein, is barred because Defendants' alleged misstatements were made in good faith and with genuine belief and had a reasonable and factual historical basis.

## SIXTH AFFIRMATIVE DEFENSE

### (STANDING)

6.    The SAC, and each and every cause of action alleged therein, is barred by Plaintiff's lack of standing pursuant to Federal Rule of Civil Procedure 23.1.

## SEVENTH AFFIRMATIVE DEFENSE

### (ESTOPPEL)

7.    The SAC, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (WAIVER)

8.    The SAC, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (FAILURE TO MITIGATE)

9.    The SAC, and each and every cause of action alleged therein, is barred because Plaintiff has failed, and continues to fail, to act reasonably to mitigate the damages alleged in the SAC.

## TENTH AFFIRMATIVE DEFENSE

### (NO PROXIMATE CAUSE)

10.    The SAC, and each and every cause of action alleged therein, is barred because the alleged statements or acts of by Defendants were not the proximate cause of any loss suffered by Plaintiff.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

36

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

## ELEVENTH AFFIRMATIVE DEFENSE

### (PRIVILEGE)

11. The SAC, and each and every cause of action alleged therein, is barred because Defendants' acts were privileged.

## TWELFTH AFFIRMATIVE DEFENSE

### (TRUTH)

12. The SAC, and each and every cause of action alleged there in, is barred by virtue of the truth of Defendants' assertions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (ASSUMPTION OF RISK)

13. The SAC, and each and every cause of action alleged therein, is barred because Plaintiff was expressly advised in statements made to him, including in documents and otherwise, regarding the material facts concerning his investments. Plaintiff therefore assumed the risk of any loss and is estopped from recovering any relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (AVAILABLE INFORMATION)

14. The SAC, and each and every cause of action alleged therein, is barred because the alleged misleading statements, if any, were rebutted by contrary information (including both public or non-public information) received by or that was otherwise available to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (LOSS CAUSATION)

15. The SAC, and each and every cause of action alleged therein, is barred because all or a portion of the damages that Plaintiff seeks were not caused by any statement, omission, or other action by any Defendant, and therefore Plaintiff cannot establish loss causation.

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

## SIXTEENTH AFFIRMATIVE DEFENSE

### (SCIENTER)

16. The SAC, and each and every cause of action alleged therein, is barred because Defendants did not have scienter with respect to any allegedly untrue statement of material fact, omission of material fact, misleading statement or other challenged statement, with respect to which the liability of defendants is asserted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (CLASS ACTION)

17. The SAC, and each and every cause of action alleged therein, is barred because this action is not maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (ADDITIONAL AFFIRMATIVE DEFENSES)

18. Defendants expressly reserve the right to amend or supplement their Answer, defenses and all other pleadings, as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any cross-claims, counterclaims and/or third party claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1. That Plaintiff take nothing by his SAC;

2. For costs, attorneys' fees and expert witness fees;

3. For judgment in favor of Defendants; and

4. For such other and further relief as this Court deems just and proper.

/ / /

/ / /

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

38

ANSWER TO SAC
CASE NO. 3:20-CV-01828-H-LL

## JURY DEMAND

Defendants demand a trial by jury.

Dated:  September 3, 2021                     COOLEY LLP


                                             By: */s/ Ryan E. Blair*
                                                 Ryan E. Blair (246724)

                                             Attorneys for Defendants
                                             Odonate Therapeutics, Inc., Kevin C.
                                             Tang, Michael Hearne, and John G.
                                             Lemkey

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**ANSWER TO SAC**
**CASE NO. 3:20-CV-01828-H-LL**