Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and Proposed Lead Settlement Class Counsel*

[Additional Counsel Listed on Signature Page]

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KENDALL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ODONATE THERAPEUTICS, INC., KEVIN C. TANG, MICHAEL HEARNE and JOHN G. LEMKEY, <br><br> Defendants. | Case No. 3:20-cv-01828-H-JLB <br><br> **LEAD PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF PLAN OF ALLOCATION (ECF NO. 51)** <br> Date: June 6, 2022 <br> Time: 10:30 a.m. <br> Place: Courtroom 15A, 15th Floor <br> Judge: Hon. Marilyn L. Huff |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................1

II.   ARGUMENT ......................................................................................3

    A.    Court-Ordered Notice Was Provided To The Settlement Class ...........3

    B.    The Overall Reaction Of The Settlement Class
          Overwhelmingly Supports Final Approval Of The Settlement ...........4

III.  CONCLUSION...................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Harper v. Law Office of Harris & Zide LLP*,
   No. 15-CV-01114-HSG, 2017 WL 995215
   (N.D. Cal. Mar. 15, 2017)...............................................................................5

*In re Amgen Inc. Sec. Litig.*,
   No. 7-cv-2536 PSG, 2016 WL 10571773
   (C.D. Cal. Oct. 25, 2016)...............................................................................4

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008)..........................................................5

*Noll v. eBay, Inc.*,
   309 F.R.D. 593 (N.D. Cal. 2015).....................................................................5

*Roe v. Frito-Lay, Inc.*,
   No. 14-CV-00751-HSG, 2017 WL 1315626
   (N.D. Cal. Apr. 7, 2017) .................................................................................4

*Vasquez v. USM Inc*,
   No. 3:13-CV-05449-JD, 2016 WL 612906
   (N.D. Cal. Feb. 16, 2016) ...............................................................................5

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................4

Pursuant to the Court's Amended Order Certifying Class for Settlement Purposes, Preliminarily Approving Class Settlement, Appointing Class Representative and Co-Counsel, Approving Class Notice, and Scheduling Final Approval Hearing, entered January 18, 2022 (ECF No. 50) ("Preliminary Approval Order"), and as supplemental support for his Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation, which was filed on May 16, 2022 (ECF No. 51) ("Final Approval Motion"), Lead Plaintiff Kevin Kendall ("Lead Plaintiff"), on behalf of himself and the Settlement Class, respectfully submits this Reply Memorandum setting forth further details as to the mailing of Notice to the Settlement Class, the Settlement Class's reaction to the Settlement, and the reasons why Lead Plaintiff respectfully requests that the Settlement be granted final approval.[1]

## I.    INTRODUCTION

Lead Plaintiff and Co-Lead Counsel have successfully achieved a Settlement of this difficult securities class action to fully resolve all claims in the Action.  As previously detailed for the Court in the opening Memorandum on this Final Approval Motion (ECF No. 51) ("Memo"), the Settlement is the product of extensive work by Co-Lead Counsel, including, without limitation: investigation of claims and interviews of confidential witnesses who worked at Odonate Therapeutics, Inc. ("Odonate"); preparation of an initial and multiple amended complaints; litigating a wide-ranging motion to dismiss and motions for judicial notice; preparing early discovery materials; engaging in intensive settlement negotiations, including a full-day mediation with  Defendants' counsel and an experienced mediator and ensuing post-mediation negotiations; and, following an agreement in principal, negotiating the terms of the Settlement first in the

---

[1]    Unless otherwise stated, all capitalized terms used herein have the same definitions as assigned in the Stipulation of Settlement, dated November 18, 2021 (ECF. No. 43-2) ("Stipulation").

1

Memorandum of Understanding and, later, in the Stipulation and its exhibits. *See* Memo at 1-4.

Pursuant to the Preliminary Approval Order, the Claims Administrator published the Publication Notice over the *GlobeNewswire* on February 7, 2022 and, as of the filing of this Reply, has mailed 25,088 Court-approved short-form notices to potential Settlement Class Members, brokers, or nominee holders, which directed recipients to the Settlement Website that includes clear, concise information regarding the Settlement, the exclusion deadline, the objection deadline, the claim-filing deadline, the date of the Court's Settlement Hearing, and downloadable copies of the Stipulation, Preliminary Approval Order, Proof of Claim form, and a more detailed long-form notice. *See* Declaration of Josephine Bravata Concerning (A) Mailing of the Short Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections, dated May 16, 2022 ("Bravata Decl.") (ECF No. 53) ¶¶2-12. Objections as to any aspect of the Settlement and requests for exclusion had to be received no later than May 2, 2022. *See* Bravata Decl. ¶¶ 13-14; Preliminary Approval Order page 15, Section IV. Yet, after this thorough notice program, ***there have been <u>no</u> objections to final approval*** of the Settlement and ***<u>no</u> objections to the requested attorneys' fees, reimbursement of expenses, and Lead Plaintiff award***. *See* Bravata Decl. ¶¶14. There has also been ***no official, compliant request for exclusion***.[2] *See* Bravata Decl. ¶14. By contrast, ***4,833 Proofs of Claim*** were received from Settlement

---

[2] After the Memo was filed and after the deadline for exclusions, on May 18, 2022, one purported Settlement Class Member, to whom notice was mailed in March 2022, emailed the Claims Administrator expressing an interest in being excluded from the Settlement. However, the email did not comply with the requirements set forth in the Notice to be excluded from the Settlement, lacking, among other things, any information regarding the individual's trades in Odonate stock, address, and signature. At Co-Lead Counsel's direction, the Claims Administrator advised this individual of the requirements and the need to submit a formal (but belated) request for exclusion as soon as possible, but, to date, has not responded with additional information.

Class Members.  Bravata Decl. ¶7.  The deadlines for exclusion requests, objections, and claim submissions have passed.[3]  *Id*. ¶¶13-15.

Given the obstacles to recovery, the substantial time and expense that continued litigation would require, the low likelihood that continued litigation would have increased the Class's recovery, and the positive reaction of potential Settlement Class Members to the Settlement after the robust Court-ordered notice program, Lead Plaintiff and Co-Lead Counsel believe that the Settlement is a good result for the Settlement Class and provides a fair and reasonable resolution of the claims at issue in the Action.  For these reasons, Lead Plaintiff and Co-Lead Counsel respectfully request that the Court grant the Final Approval Motion.[4]

## II.   ARGUMENT

### A.   The Settlement Class Received Notice As The Court Ordered

Pursuant to the Preliminary Approval Order, the Claims Administrator mailed 25,088 Court-approved short-form notices to potential Settlement Class Members, brokers, or nominee holders, transmitting to potential Settlement Class Members the short-form notice and the Proof of Claim and directing them to the Claims Administrator's website, where copies of the full long-form notice, the Stipulation and its exhibits, the Preliminary Approval Order, and the Proof of Claim form were posted alongside the deadlines ordered by the Court. *See* Bravata Decl. ¶¶3, 12.  In addition, the Court-approved Publication Notice was published over the *GlobeNewswire* on February 7, 2022.  *See id.* ¶10.  The Claims Administrator also sent a letter to 2,200 banks, brokerages, and other institutions alerting them to the Settlement and Settlement-related notices.  *See id.* ¶5.  The

---

[3]   Despite the fact that the governing deadlines for requests for exclusions to be received and objections has passed, Lead Plaintiff will update the Court of any compliant exclusion requests and objections that are received before the Final Approval hearing on June 6, 2022.

[4]   The Proposed Order and Final Judgment is filed as ECF No. 51-1.

3

letter resulted in 11,101 customers receiving email notification directly from a nominee. *See id.* ¶7. The Claims Administrator also sent the Depository Trust Company a notice packet, which was published on its Legal Notice System on February 4, 2022. *See id*. ¶9. These notice efforts resulted in 11,459 pageviews on the Claims Administrator's website, from 2,517 unique users. *See id*. ¶12. This robust notice program thus fulfilled the mandate of the Preliminary Approval Order and Fed. R. Civ. P. 23. It resulted in submission of 4,833 Proofs of Claim – an approximate 20% hit rate from the mailings. *See id*. ¶15.

**B.    The Overall Reaction Of The Settlement Class Overwhelmingly Supports Final Approval Of The Settlement**

As Lead Plaintiff stated in the Memo, the reaction of the Settlement Class is an important factor in determining whether final approval of the Settlement should be approved. *See, e.g.*, *In re Amgen Inc. Sec. Litig.*, No. 7-cv-2536 PSG (PLAx), 2016 WL 10571773 at *5-7 (C.D. Cal. Oct. 25, 2016) (finding that four objections against the over 1.5 million notice packets sent represented a "miniscule percentage of the participating class" and that "the relatively few objections, even if meritorious, would not detract from the overwhelmingly positive response from the remainder of the class" thus "this factor suggests that the terms of the proposed settlement are favorable to class members").

After this strong notice program, which included the mailing of 25,088 short-form notices, ***there have been <u>no</u> objections to final approval*** of the Settlement; ***<u>no</u> objections to the requested attorneys' fees, reimbursement of expenses, and Lead Plaintiff award***; *and **<u>no</u> official, compliant requests for exclusion***. *See* Bravata Decl. ¶¶7, 13-14. By contrast, ***4,833 Proofs of Claim*** were received from potential Settlement Class Members. *Id*. ¶15. This unanimous support to date from the Settlement Class is a strong indication of fairness. *See, e.g., Roe v. Frito-Lay, Inc.*, No. 14-CV-00751-HSG, 2017 WL 1315626, at *4

(N.D. Cal. Apr. 7, 2017); *see also Harper v. Law Office of Harris & Zide LLP*, No. 15-CV-01114-HSG, 2017 WL 995215, at *5 (N.D. Cal. Mar. 15, 2017) ("The Court finds that the absence of objections and near absence of opt-outs indicates overwhelming support among the class members, constitutes a positive reaction, and weighs in favor of approval."); *Vasquez v. USM Inc*, No. 3:13-CV-05449-JD, 2016 WL 612906, at *3 (N.D. Cal. Feb. 16, 2016) ("Lack of objection from the class members is a substantial factor in favor of final approval."); *Noll v. eBay, Inc.*, 309 F.R.D. 593, 608 (N.D. Cal. 2015) ("A low number of opt-outs and objections in comparison to class size is typically a factor that supports settlement approval."). Thus, the absence of any objections to this Settlement "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (finding that "by any standard," three objections from 57,630 potential class members who received notice "favors approval of the Settlement").

## III.   CONCLUSION

Based on the foregoing and the entire record, Lead Plaintiff respectfully requests that the Court approve the Settlement, approve the Plan of Allocation, and certify the Settlement Class.

Dated: May 23, 2022                    Respectfully submitted,


                                       */s/ Matthew L. Tuccillo*
                                       Matthew L. Tuccillo
                                       **POMERANTZ LLP**
                                       Matthew L. Tuccillo
                                       (admitted *pro hac vice*)
                                       Jennifer Banner Sobers
                                       (admitted *pro hac vice*)
                                       600 Third Avenue, 20th Floor
                                       New York, New York 10016
                                       Telephone: (212) 661-1100
                                       Facsimile: (212) 661-8665
                                       Email: mltuccillo@pomlaw.com
                                               jbsobers@pomlaw.com


                                       **POMERANTZ LLP**
                                       Jennifer Pafiti (282790)
                                       1100 Glendon Avenue, 15th Floor
                                       Los Angeles, California 90024
                                       Telephone: (310) 405-7190
                                       Email: jpafiti@pomlaw.com


                                       **HOLZER & HOLZER, LLC**
                                       Corey D. Holzer (admitted *pro hac vice*)
                                       211 Perimeter Center Parkway
                                       Suite 1010
                                       Atlanta, Georgia 30346
                                       Telephone: (770) 392-0090
                                       Facsimile: (770) 392-0029
                                       cholzer@holzerlaw.com


                                       *Co-Lead Class Counsel*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 23, 2022.

*/s/ Matthew L. Tuccillo*
Matthew L. Tuccillo

7