Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff and*
*Proposed Lead Settlement Class Counsel*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KENDALL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ODONATE THERAPEUTICS, INC., KEVIN C. TANG, MICHAEL HEARNE and JOHN G. LEMKEY, <br><br> Defendants. | Case No. 3:20-cv-01828-H-JLB <br><br> **DECLARATION OF MATTHEW L. TUCCILLO, ESQ. IN SUPPORT OF UNOPPOSED MOTION FOR DISTRIBUTION OF NET SETTLEMENT FUND** |

Pursuant to 28 U.S.C. §1746, I, Matthew L. Tuccillo, hereby declare as follows:

1.       I am over twenty-one years of age and I am fully competent to make this Declaration.  I have personal knowledge of the facts set forth in this Declaration, and if called upon, could and would testify completely thereto.

2.       I am a Partner of the law firm of Pomerantz LLP ("Pomerantz"), Court-appointed Co-Lead Counsel along with Holzer and Holzer, LLC ("Holzer") and counsel for Lead Plaintiff Kevin Kendall ("Lead Plaintiff").[1]  My office is located at 600 Third Avenue, New York, NY 10016.  I make this Declaration in support of Lead Plaintiff's Motion for Distribution of Net Settlement Fund.

3.       I am a member in good standing of the Bars of the State of New York, the State of Connecticut, and the Commonwealth of Massachusetts.  I am also a member in good standing of the Bar of the Supreme Court of the United States, the Bars of the Second and Ninth Circuit Courts of Appeal, and the Bars of the United States District Courts for the Southern and Eastern Districts of New York, the District of Connecticut, the District of Massachusetts, the Northern District of Illinois, and the Southern District of Texas.  I am admitted *pro hac vice* in this Action.

4.       Counsel for Lead Plaintiff was informed that Defendants do not oppose Lead Plaintiff's Motion for Distribution.

5.       Per the Stipulation, the Settlement Fund consisting of $12,750,000.00 in cash was deposited into two interest-bearing accounts - $300,000.00 was deposited into the Notice & Administration Account and $12,450,000.00 was deposited into the Settlement Account.  *See* Stipulation ¶¶1.17, 1.31, 2.6, 2.7.  As

---

[1]      Unless otherwise defined, all capitalized terms herein have the same meaning as assigned in the Stipulation and Agreement of Settlement (ECF. No. 43-2) and exhibits thereto (collectively, the "Stipulation").

reported to me by the Escrow Agent, as of August 23, 2022, the Settlement Account contained about $8,149,506.46 in cash, and this amount reflects changes in the Settlement Account, in accordance with the Final Approval Order at 16, due to the (i) addition of interest earned of $15,524.75 (additional interest will accrue between August 23, 2022 and the actual distribution, which will be added to this figure before the distribution), (ii) subtraction of attorneys' fees paid per the Final Approval Order in the amount of $4,250,000.00, (iii) subtraction of reimbursed expenses by Lead Plaintiffs' counsel per the Final Approval Order in the amount of $56,147.94, and (iv) subtraction of an incentive award to Lead Plaintiff in the amount of $5,000.00 per the Final Approval Order.  As reported to me by the Escrow Agent, as of August 23, 2022, the Notice & Administration Account contained about $178,011.66 in cash, reflecting changes in the Notice & Administration Account due to the (i) addition of interest earned of $272.77 (additional interest will accrue between August 23, 2022 and the actual distribution, which will be added to this figure before the distribution), and (ii) Notice & Administration Costs of $122,176.79 paid to Strategic Claims Services' ("SCS") for its claims administration work through the initial distribution (Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process, ¶10).  Thus, to date, as reported to me by the Escrow Agent, the total amount available for distribution to valid Claimants in the form of the Net Settlement Fund, after adding in residual monies in the Notice & Administration Account per Stipulation ¶2.7, is roughly $8.3 million.

6.     Lead Plaintiff's Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Compensatory Award for Lead Plaintiff ("Fee Application") (Dkt. No. 52) sought reimbursement of $56,147.94 for Co-Lead Counsel's reasonable and necessary out-of-pocket expenses in prosecuting the Action.  *See* Fee Application at 2-3 (citing Declaration of Matthew L. Tuccillo, Esq.  (Dkt. No. 54) ¶¶33-35 and Ex. 3 thereto; Declaration of Corey D. Holzer, Esq. (Dkt. No. 55) ¶¶9-11 and Ex. 3

thereto). The Court granted this request in the Final Approval Order at 15. However, due to a clerical error at my firm, **$446.95** of Co-Lead Counsel's expenses that were submitted in the supporting documentation for the Fee Application were omitted from its text and remain unreimbursed.

7. In addition, my firm has incurred an additional as-yet unreimbursed **$957.54** in reasonable and necessary expenses in connection with this Action that were not previously submitted as part of the Fee Application, including costs to prepare and file the final approval motion opening and reply papers. A list of the expenses incurred, as reflected in the books and records regularly maintained by Pomerantz, prepared from expense vouchers, check records, and other source materials, and as provided to me by my firm's accounting staff is attached as Exhibit A hereto. As my firm's accounting staff explained, legal research expenses for the month of May 2022 were only available from vendors at the end of May 2022 and overtime-clerical, photocopy, and travel/meal expenses incurred to prepare and file the final approval motion and reply papers similarly posted to my firm's accounting system at the end of May 2022 – after those papers were filed – and thus were not included in the earlier-submitted Fee Application's request for expense reimbursement.

8. The total amount of **$1404.49** in unreimbursed expenses incurred in the prosecution of this Action do not include any expenses of the Claims Administrator associated with providing Court-ordered Notice to the Settlement and administering claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this, the 24 day of August 2022, at Fairfield, Connecticut.

*/s/ Matthew L. Tuccillo*
Matthew L. Tuccillo

DECLARATION OF MATTHEW L. TUCCILLO, ESQ.
Case No. 3:20-cv-01828-H-JLB
4